UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN ALFREY, | : Case No. 1:04cv151 |
| Plaintiff, | : Judge Spiegel |
| v. | : |
| AK STEEL, | : STIPULATED PROTECTIVE ORDER : FOR THE PROTECTION OF : CONFIDENTIAL INFORMATION |
| Defendant. | : |

The parties stipulate to the following protective order ("Order") to be entered by the Court pursuant to Fed. R. Civ. P. 26(c).

## INFORMATION SUBJECT TO THIS ORDER

1. It is anticipated that certain information (a) conveyed by or contained in a document produced or (b) stated in answer to an interrogatory or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement among counsel, will be proprietary business information or private and confidential information regarding individual employees (collectively "Confidential Information"). This Confidential Information is of the type that is to be protected from disclosure. Either party may, at the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

1

## PERSONS AUTHORIZED TO
## RECEIVE "CONFIDENTIAL" INFORMATION

2.  Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their counsel assisting in or responsible for this proceeding and members of the legal, paralegal, secretarial or clerical staff of such counsel, and persons employed as expert consultants for each party on an as needed basis only.

3.  Confidential information designated "Confidential - Attorneys Only" shall not be disclosed to <u>anyone</u> other than an attorney for a party without court order or written permission from counsel for the party producing such information.

## LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

4.  Any information designated "Confidential" (hereafter also including documents designated "Confidential - Attorneys Only") pursuant to Paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed and shall not be used by the recipient of the information for any purpose other than this litigation.

5.  In the event that any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within fifteen business days after the receipt of the transcript, that the portions of the depositions relating to the "Confidential" information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 6, and that copies of such materials shall be given only to counsel of record. Only those

persons afforded access under Paragraph 2 may be present at any examination concerning "Confidential" information.

6. In the event that any "Confidential" information or documents are incorporated in any paper filed in connection with this proceeding or any subsequent appeals, such material shall be filed with instructions to the Clerk of the Court that, except as otherwise provided by the Court, they are to be sealed pursuant to this Order and are not to be disclosed to any persons other than the Court and counsel of record in this action. Documents filed under seal shall be filed in envelopes that are marked on the outside "Confidential - Filed Under Seal."

7. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding without unnecessarily involving the Court in the process, and may be amended as need may arise by the mutual consent and agreement of counsel in writing without prior leave of the Court.

8. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

9. The parties may agree in writing to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to

resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to the confidentiality provisions of this Order until the court determines that there is good cause for the disclosure of the document/s designated as Confidential.

10. This Order has no effect upon, and shall not apply to the parties' own use of the information and documents that that party produced under the protections of this Order.

11. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

12. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

13. This Order does not preclude the parties from using and introducing confidential documents and information at trial.

## FINAL TERMINATION OF PROCEEDING

Upon final termination of this proceeding, including all subsequent appeals, each party shall return to the producing party all materials produced and designated as "Confidential" and all copies thereof, along with written confirmation that the party has returned all copies. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order.

SO ORDERED:

Dated: 7/20/05

_____
Judge

AGREED BY:

/s/ George E. Yund
George E. Yund (0017714)
Murray W. Griess (0065608)
Attorneys for Defendant
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800
gyund@fbtlaw.com
mgriess@fbtlaw.com

CinLibrary 1524866.1

/s/ Ann K. Wittenauer (per telephone authorization)
Randolph H. Freking (0009158)
Ann K. Wittenauer (0074561)
Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, 5th Floor
Cincinnati, Ohio 45202
(513) 721-1975
Randy@FrekingandBetz.com
Awittenauer@FrekingandBetz.com